## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                    )
LORRAINE WALDEN,                    )
                                    )
            Plaintiff,              )
                                    )
        v.                          )    Civil Action No. 08-1720 (RWR)
                                    )
GARY LOCKE, <u>et al.</u>,               )
                                    )
            Defendants.             )
_____)

### MEMORANDUM OPINION AND ORDER

        Plaintiff Lorraine Walden brings claims against the

Secretary of the United States Department of Commerce[1] alleging

race, sex, and religious discrimination under Title VII of the

Civil Rights Act of 1964 and 42 U.S.C. § 1981.  The Secretary

moves to dismiss for improper venue and for untimeliness, or in

the alternative for summary judgment, or for transfer of venue to

the Eastern District of Virginia.  Because the District of

Columbia is not an appropriate venue for Walden's Title VII

claims, but the Eastern District of Virginia is an appropriate

venue and a transfer is in the interest of justice, the

Secretary's motion to dismiss for improper venue will be denied

and the motion to transfer will be granted.

_____

        [1]  Gary Locke is substituted as the defendant under Federal
Rule of Civil Procedure 25(d).  While multiple defendants are
listed in the complaint's caption, the complaint alleges claims
against the Secretary of Commerce only.  (<u>See</u> Compl. ¶ 3.)

-2-

BACKGROUND

Walden, an African-American female and Seventh Day
Adventist, worked for the U.S. Patent and Trademark Office
("PTO") as a legal instruments examiner (Compl. ¶¶ 2, 7) in
Alexandria, Virginia.  (Def.'s Mem. of P. & A. in Supp. of Mot.
to Dismiss, or in the Alternative for Summ. J., or to Transfer
("Def.'s Mem."), Decl. of Jennifer Culver ("Culver Decl.") ¶¶ 5-
6.)  Her employment records are maintained at the PTO's
Alexandria, Virginia office.  (Id. ¶ 3.)  Walden alleges that her
supervisors discriminated and retaliated against her and harassed
her by "refus[ing] to make available to Plaintiff the rights and
privileges of her employment[] and . . . fail[ing] or refus[ing]
to take appropriate action to remedy the effects of the
discriminatory treatment of Plaintiff."  (Compl. ¶¶ 9-10.)
According to her, she was demoted after seeking a promotion.
(Id. ¶ 1.)  One supervisor allegedly refused to consider Walden's
medical conditions when assigning work, blamed Walden for another
person's errors, and selectively enforced rules.  (Id. ¶ 9.)

Walden brings Title VII and § 1981 claims alleging that the
Secretary discriminated against her on the basis of race, sex,
and religion.  The Secretary moves to dismiss under Federal Rules
of Civil Procedure 12(b)(3) for improper venue and 12(b)(6) for
untimeliness, or in the alternative for summary judgment under
Rule 56, or for transfer of venue to the Eastern District of

-3-

Virginia under 28 U.S.C. § 1404 and § 1406(a).  (Def.'s Mem. at
1-2.)  Walden opposes dismissal, but asks to transfer her case to
the Eastern District of Virginia under § 1406(a).  (Pl.'s Opp'n
to Mot. to Dismiss & Obj'n to Evid. Attached & Mot. to Transfer
at 10.)

## DISCUSSION

Rule 12(b)(3) "allows a case to be dismissed for improper
venue."  Hunter v. Johanns, 517 F. Supp. 2d 340, 343 (D.D.C.
2007); see Fed. R. Civ. P. 12(b)(3).  "[T]he plaintiff . . .
bears the burden of establishing that venue is proper."  Varma v.
Gutierrez, 421 F. Supp. 2d 110, 113 (D.D.C. 2006) (internal
quotations omitted).  "In considering a Rule 12(b)(3) motion, the
court accepts the plaintiff's well-pled factual allegations
regarding venue as true, draws all reasonable inferences from
those allegations in the plaintiff's favor, and resolves any
factual conflicts in the plaintiff's favor."  Darby v. U.S. Dep't
of Energy, 231 F. Supp. 2d 274, 276 (D.D.C. 2002).  To prevail on
a motion to dismiss for improper venue, a defendant must present
facts sufficient to defeat a plaintiff's assertion of venue.  Id.
at 277.  "If the district in which the action is brought does not
meet the requirements of Title VII's venue provision, then that
district court may either dismiss, 'or if it be in the interests
of justice, transfer such case to any district or division in
which it could have been brought.'"  Pendleton v. Mukasey, 552 F.

-4-

Supp. 2d 14, 17 (D.D.C. 2008) (quoting 28 U.S.C. § 1406(a)).

"Generally, the interest of justice directive allows courts to

transfer cases to the appropriate judicial district rather than

dismiss them." Ifill v. Potter, Civil Action No. 05-2320 (RWR),

2006 WL 3349549, at *1 (D.D.C. Nov. 17, 2006) (internal quotation

marks omitted).

I.   TITLE VII CLAIMS

     Venue is not proper for Title VII claims if a plaintiff

brings suit in a jurisdiction that does not satisfy one of the

venue requirements in 42 U.S.C. § 2000e-5(f)(3).  Hamilton v.

Paulson, Civil Action No. 07-1365 (RBW), 2008 WL 4531781, at *2

(D.D.C. Oct. 10, 2008).  Under § 2000e-5(f)(3), a Title VII

> action may be brought in any judicial district in the
> State in which the unlawful employment practice is
> alleged to have been committed, in the judicial
> district in which the employment records relevant to
> such practice are maintained and administered, or in
> the judicial district in which the aggrieved person
> would have worked but for the alleged unlawful
> employment practice, but if the respondent is not found
> within any such district, such an action may be brought
> within the judicial district in which the respondent
> has his principal office.  For purposes of sections
> 1404 and 1406 of Title 28, the judicial district in
> which the respondent has his principal office shall in
> all cases be considered a district in which the action
> might have been brought.

42 U.S.C. § 2000e-5(f)(3).  The fourth basis for venue, the

location of a defendant's principal office, is considered "only

when the defendant cannot be found within any of the districts

provided for by the first three bases." Kendrick v. Potter,

Civil Action No. 06-122 (GK), 2007 WL 2071670, at *3 (D.D.C.

-5-

July 16, 2007); see also James v. Booz-Allen, Inc., 227 F. Supp.
2d 16, 24 (D.D.C. 2002) (stating that the fourth basis need not
be considered because "analysis of the first three prongs reveals
that the plaintiff could properly assert venue in several other
districts").

The Eastern District of Virginia is the proper district
under the first two bases for venue.  To determine where an
alleged unlawful employment practice was committed, a court
"'must look to the place where the decisions and actions
concerning the employment practices occurred.'"  Ifill, 2006 WL
3349549 at *2 (quoting Hayes v. RCA Serv. Co., 546 F. Supp. 661,
663 (D.D.C. 1982)); Pendleton, 552 F. Supp. 2d at 18 (stating
that under § 2000e-5(f)(3), a court first "focuses on the locus
of the alleged discrimination").  Walden alleges that she was
discriminated against, demoted, harassed, and retaliated against
by her supervisors while she worked as a legal instruments
examiner at the PTO.  (Compl. ¶¶ 1-2, 8-10.)  Walden does not
contest the Secretary's assertion that she worked at the PTO's
Alexandria, Virginia office and that "[a]ll events relevant" to
her complaint also occurred in Virginia.  (Culver Decl. ¶¶ 2, 4-
7.)  The locus of disputed employment practices, then, is in
Virginia.  As for the second basis for venue, Walden does not
dispute that the employment records relevant to her claims are
located in Virginia, rather than Washington, D.C.  (Id. ¶ 4.)
The third basis in § 2000e-5(f)(3) does not support venue in this

-6-

district because Walden makes no allegations that she would have
worked in this district but for the alleged unlawful employment
practices.  Therefore, venue is not appropriate in the District
of Columbia for Walden's Title VII claims.  While Walden's Title
VII claims could be dismissed for improper venue, it is in the
interest of justice to transfer Walden's Title VII claims to the
Eastern District of Virginia.  See Hamilton, 2008 WL 4531781, at
*3 (stating that under § 1406(a), the interest of justice
generally "instructs courts to transfer cases to the appropriate
judicial district, rather than dismiss them" (internal quotation
marks omitted)).

II.  SECTION 1981 CLAIMS

    Walden also brings claims under 42 U.S.C. § 1981.[2]  (Compl.
¶ 5.)  "Where a case involves more than one cause of action,
venue must be proper as to each claim."  Relf v. Gasch, 511 F.2d
804, 807 n.12 (D.C. Cir. 1975).  "Under one approach to a
multiple claim action, if one of the claims can be considered the
primary one, then the claims must be brought where venue is
proper for that principal cause of action particularly 'if the
principal cause of action is governed by a narrower venue
provision than the secondary cause of action.'"  Ifill, 2006 WL
3349549, at *2 (quoting Hayes, 546 F. Supp. at 664).  "Hayes
viewed Title VII as the principal cause of action for venue

---

    [2] In their filings, the parties did not address the issue of
venue regarding Walden's § 1981 claims.

-7-

purposes in employment discrimination cases both because Congress
specifically intended Title VII to govern employment
discrimination issues, unlike 42 U.S.C. § 1981 which involves
broader contractual rights, and because it has a more limited
venue provision."[3]  Id. at *2 (noting that Hayes concluded that a
Title VII claim should be considered the principal cause of
action when it is joined with a § 1981 claim).  Similarly,
Macklin v. Mirant Mid-Atlantic, L.L.C., Civil Action No. 04-1556
(PLF), 2005 WL 1006005 (D.D.C. Apr. 29, 2005), opined "that when
a plaintiff brings an action under both Title VII and Section
1981, the narrower venue provision of section 2000e-5(f)(3)
controls."  Id. at *2 n.4 (internal quotation marks omitted).[4]
Therefore, if Title VII's venue provision controls the
determination of venue for both claims, Walden's case should be
transferred to the Eastern District of Virginia.  However, even
if Title VII's venue provision does not govern venue for the
related § 1981 claims, both parties sought to have the entire

---

[3] "The D.C. Circuit has not endorsed Hayes' principle that
there is a fundamental policy consideration which compels
recognition of Title VII as the principal cause of action and 42
U.S.C. § 1981 as only secondary."  Ifill, 2006 WL 3349549, at *2
(internal quotation omitted) (citing Stebbins v. Nationwide Mut.
Ins. Co., 757 F.2d 364, 367 (D.C. Cir. 1985) (expressing no
opinion on whether Hayes correctly decided the issue of venue in
a case with multiple employment discrimination claims); id. at
369 (Edwards, J., concurring) (noting that Hayes is not "the law
of this circuit")).

[4] Accord, Sulton v. Peters, 532 F. Supp. 2d 150, 152
(D.D.C. 2008) (holding that "plaintiff's claims under 42 U.S.C.
§ 1981 are also governed by the special venue provision of Title
VII").

-8-

case transferred and did not raise any challenges to venue in the transferee district for the § 1981 claims.  See Ifill, 2006 WL 3349549, at *2 (noting that challenges to venue are not jurisdictional and can be waived).  Accordingly, Walden's § 1981 and Title VII claims will be transferred to the Eastern District of Virginia.

CONCLUSION AND ORDER

Walden has not established that venue in the District of Columbia is proper for her Title VII claims.  Because venue in the Eastern District of Virginia would be proper for her Title VII claims, and the parties sought to transfer the entire case without raising any challenges to venue there for the § 1981 claims, the case will be transferred under § 1406(a) to the Eastern District of Virginia.  Thus, it is hereby

ORDERED that defendant's motion [6] to dismiss, or in the alternative for summary judgment, or to transfer be, and hereby is, GRANTED IN PART and DENIED IN PART.  The motion to dismiss for improper venue is denied, the motion to transfer venue is granted, and the motion to dismiss for untimeliness or for summary judgment is left for decision by the transferee court. The Clerk is directed to transfer this case to the United States District Court for the Eastern District of Virginia.

SIGNED this 26th day of June, 2009.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge